IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 4:15-cv-00219-RC-CMC |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION TO STAY PROCEEDINGS

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, and hereby moves the Court to enter an Order staying the proceedings in this case pending a decision from the United States Judicial Panel on Multidistrict Litigation ("the JPML") regarding Midland's request to transfer this matter to consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In support of this Motion, Midland states as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

On February 20, 2015, Plaintiff David E. Mack ("Plaintiff") filed a Petition against Midland in the Collin County, Texas Justice Court alleging a violation of the Telephone Consumer Protection Act ("TCPA"). [*See* Doc. 3.] On March 27, 2015, Midland filed a Notice of Removal removing the action to this Court. [*See* Doc. 1.] On April 6, 2015, Plaintiff filed an amended complaint against Midland alleging a violation of the Telephone Consumer Protection Act ("TCPA"). [*See* Doc. 6.] Specifically, Plaintiff's amended complaint alleges that Midland used an automated telephone dialing system to place a call to Plaintiff's cell phone number without Plaintiff's consent. [*See id.* at ¶¶ 8-9.]

In October 2011, MDL No. 2286 was created due to the pendency of multiple overlapping lawsuits alleging that Defendants Encore Capital Group, Inc., Midland Funding, LLC, and Midland Credit Management, Inc. violated the TCPA by placing debt-collection calls to the plaintiffs' cellular phones using an automatic telephone dialing system. *See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, 818 F. Supp. 2d 1377-78 (J.P.M.L. 2011). In its initial order creating the MDL, the Panel found that centralization would "promote the just and efficient conduct of this litigation" and "serve the convenience of the parties and witnesses." *Id.* The Panel also held that "[d]iscovery into the defendants' policies and practices with respect to calling procedures likely will be necessary across the [consolidated] actions, and centralization will eliminate duplicative discovery and prevent inconsistent pretrial rulings." *Id.* at 1378. Since October 11, 2011, 141 additional actions have been transferred to the MDL action. [*See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, MDL No. 2286, Doc. 541, Conditional Transfer Order, attached hereto as Exhibit A.]

On April 8, 2015, Midland filed a notice of tag-along action requesting the JPML to transfer this case pursuant to 28 U.S.C. § 1407, because Plaintiff's "complaint[] contain[s] virtually identical factual allegations as the already-transferred actions, and -- based on the allegations in the complaint[] -- the plaintiff appears to be a member of the putative nationwide class pled in the already-transferred actions." [*See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, MDL No. 2286, Doc. 536, Notice of Tag-Along Action, attached hereto as Exhibit B.] On April 13, 2015, the JPML entered a conditional transfer order to transfer this case pursuant to 28 U.S.C. § 1407. [*See* Ex. A.] The conditional transfer order stated that "[i]t appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred." [*See id.*]

On April 17, 2015, Plaintiff filed a notice of opposition to the transfer of this case. [*See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, MDL No. 2286, Doc. 552, Notice of Opposition to Conditional Transfer Order (CTO-79).] On the same day, the court entered a text order with Plaintiff's deadline to file his motion to vacate and brief in support, and Midland's deadline to file its response. [*See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, MDL No. 2286, Doc. 553.] Pursuant to the JPML's order, that parties' briefing will be finalized by May 22, 2015. [*See id.*] The transfer order will not take effect until there has been a ruling on Plaintiff's opposition to the transfer.

Before filing the present action, Plaintiff filed sixteen virtually identical complaints against Midland alleging violations of the TCPA based on a single phone call.[1] Midland filed notices of tag-along in thirteen of these actions requesting that the JPML transfer the cases pursuant to 28 U.S.C. § 1407, and the Clerk entered conditional transfer orders in each case. In response, Plaintiff filed virtually identical motions to vacate the conditional transfer orders. The first seven cases pending transfer to the MDL came before the JPML for hearing on March 26, 2015, and on April 2, 2015, the JPML denied Plaintiff's motion to vacate the conditional transfer orders. [*See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, MDL No. 2286, Doc. 532, Transfer Order, attached hereto as Exhibit C.] **Accordingly, seven of Plaintiff's lawsuits -- which are virtually identical to the present case -- have already been**

---

[1] *See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00200 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00265 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00414 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00481 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00578 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00841 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00843 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00045 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00048 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00135 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00136 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00138 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00139 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00140 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00141 (E.D. Tex.); *Mack v. Midland Credit Management, Inc.*, Case No. 4:15-cv-00218 (E.D. Tex.).

**transferred to the MDL.** [*See id.*] Thus, Midland expects that the remaining cases -- and this case -- will be transferred to the MDL.

## II. ARGUMENT

A stay of proceedings pending transfer to the MDL is appropriate in this case. This Court has the power to stay the proceedings, which is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Meinhart v. Halliburton Energy Servs., Inc.*, No. H-11-0073, 2011 WL 1463600, at *2 (S.D. Tex. Apr. 4, 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Motions to stay pending the resolution of a transfer to the JPML are frequently granted. *See id.*; *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *Foti v. Warner-Lambert Co.*, No. Civ. A. 05-3665, 2005 WL 2036920, at *1 (E.D. La. Aug. 16, 2005) (staying all pretrial proceedings). "Courts generally have granted [motions to stay pending a decision from the JPML], citing such reasons as the need to coordinate discovery in the large number of cases, the burden to the defendants of litigating in so many forums at once, judicial economy, and the need to avoid inconsistent results." *See Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 979 (S.D. Tex. 2011); *see also Esquivel v. BP Co. N. Am., Inc.*, No. B-10-227, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010).

In deciding whether to grant a motion to stay, courts typically consider three factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *See Esquivel*, 2010 WL 4255911, at *3 (quoting *Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, Civ.A No. 10-1341, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010)).

A. **Plaintiff will not suffer prejudice if Midland's Motion to Stay is granted.**

Several courts considering motions to stay have held that a slight delay would not prejudice the non-moving party. *See Cajun Offshore Charters, LLC*, 2010 WL 2160292, at *2 (citing *La. Stadium & Exposition Dist. v. Fin. Guarantee Ins. Co.*, No. 09-235, 09-2738, 2009 WL 926982, at *1 (E.D. La. Apr. 2, 2009) (finding no prejudice when responsive pleading due to MDL panel eighteen days after district court decision); *Kennedy v. Novartis Pharm. Corp.*, No. 02-2331, 2002 WL 31051601 (E.D. La. Sept. 12, 2001) (finding no prejudice when JPML already ordered conditional transfer order; Court anticipated three to four week delay); *Good*, 5 F. Supp. 2d at 809 (finding no prejudice when MDL panel had already ordered a conditional order of transfer)). Moreover, courts have found that where a defendant would be "forced to litigate in multiple courts and potentially forced to suffer conflicting rulings," such hardship "outweighed the prejudice to plaintiff caused by delay." *See id.* (citation omitted). Indeed, even "a delay of a few months . . . is slight when compared to the hardship to the defendants and the interests of judicial economy." *See id.*

Here, the JPML has already entered a conditional transfer order [*see* Ex. A], and the parties' briefing will be finalized by May 22, 2015. *See In re Midland Credit Mgmt., Inc., Tel. Consumer Protection Act (TCPA) Litig.*, MDL No. 2286, Doc. 553. Moreover, the JPML ruled that Plaintiff's virtually identical prior actions were proper for inclusion in the MDL. As such, Midland expects that the JPML will also transfer the present case once it is set for hearing. Thus, Plaintiff will not be prejudiced by a brief delay.

B. **Midland will suffer hardship and inequity absent an order granting Midland's Motion to Stay.**

A motion to stay relieves the parties of any hardship caused by simultaneously litigating multiple suits in different courts. *See Falgoust v. Microsoft Corp.*, No. CIV.A.00-0779, 2000

WL 462919, at *2 (E.D. La. Apr. 19, 2000); *see also Anderson v. Merck & Co.*, No. V-06-114, 2007 WL 43770 (S.D. Tex. Jan. 5 2007) (citing *Whelan v. Merrell-Dow Pharm, Inc.*, 117 F.R.D. 299, 300 (D.D.C. 1987) ("The purpose of multidistrict pretrial proceedings is to consolidate cases to prevent duplication of discovery, avoid inconsistent pretrial rulings and to conserve and economize judicial effort.")). Courts have found that a stay is proper where a defendant will suffer a waste of resources and/or prejudice of potentially inconsistent rulings. *See Asmann v. Dairy Farmers of Am., Inc.*, No. 12-1060, 2012 WL 1136865, at *4 (D. Kan. Apr. 4, 2012) (weighing interests and finding stay warranted because defendant would otherwise be required "to defend similar actions in multiple jurisdictions, which may require duplicative motions and discovery and may pose a risk of inconsistent rulings"). Further, one purpose of consolidating cases under § 1407 is to coordinate discovery, and a stay should be granted when proceeding with the litigation would subject the parties to conflicting discovery orders and duplicative discovery. *See Meinhart v. Halliburton Energy Servs., Inc.*, No. H-11-0073, 2011 WL 1463600, at *7 (S.D. Tex. Apr. 4, 2011) (citing *In re Vioxx Prods. Liab. Litig.* 760 F. Supp. 2d 640, 642 (E.D. La. 2010)).

Absent a stay, Midland will be forced to litigate the same issues in the MDL at the same time under different discovery schedules and case management orders, in different jurisdictions, with different judges resolving procedural disputes that may arise. Proceeding in this manner in the face of the almost certain transfer of this case to the consolidated forum -- a forum to which seven of Plaintiff's cases have already been consolidated --- represents the very piecemeal litigation which granting a stay would obviate.

### C. The Court will save judicial resources by avoiding duplicative litigation if the case is transferred to the MDL.

A motion to stay serves the interests of judicial economy and enables the Court to avoid the unnecessary waste of judicial resources, if the case is transferred to the JPML. *See U.S. Bank, N.A. v. Royal Indem. Co.*, No. CIV.A.3:02-CV-0853, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002). Absent a stay, the "Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge" and "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge . . . assigned to handle the consolidated litigation." *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997).

Because the transfer of this case to the MDL is currently pending, Midland respectfully requests that the Court enter an order staying the proceedings to maximize judicial resources and avoid duplicative litigation. A stay would prevent reconsideration of issues before this Court post-transfer. Further, the time and resources that the parties will expend in participating in the parties' planning meeting, drafting a discovery plan, and participating in discovery will be rendered unnecessary if this case is transferred pursuant to 28 U.S.C. § 1407. Additionally, the JPML has already transferred seven virtually identical cases filed by Plaintiff against Midland to the MDL. As such, Midland expects that the JPML will transfer this case pursuant to 28 U.S.C. § 1407. Thus, a stay will not prejudice the parties, but would benefit all parties and the Court.

### III. CONCLUSION

For the foregoing reasons, Midland respectfully requests that the Court grant its motion to stay and enter an Order staying the proceedings until the JPML has ruled on the transfer of this case pursuant to 28 U.S.C. § 1407.

Respectfully submitted this 21st day of April, 2015.

        /s/ Reid S. Manley
        Reid S. Manley
        Texas Bar No. 24047520
        BURR & FORMAN LLP
        420 North 20th Street, Suite 3400
        Birmingham, Alabama  35203
        Telephone: (205) 251-3000
        Facsimile: (205) 458-5100
        rmanley@burr.com

        Attorney for Defendant
        MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 21st day of April, 2015:

David E. Mack
7720 McCallum Boulevard, #2099
Dallas, Texas 75252
Telephone:     (972) 735-9642
Email: mack2001@swbell.com

        s/ Reid S. Manley
        OF COUNSEL